## Hannum v. New Amsterdam Casualty Company

*Rowland C. Evans, Jr.*, for plaintiff.
*Raymond A. White, Jr.*, for defendant.

534

PARRY, J., March 7, 1938.—Petition and rule for removal of cause to the United States district court.

On December 22, 1937, plaintiff filed a statement of claim setting forth that she had deposited certain securities with defendant casualty company, as collateral for a bond running from defendant to the collector of internal revenue in the amount of $3,000, to obtain a stay of collection of a jeopardy assessment for income tax made against plaintiff and her husband in the amount of $1-406.97. The statement further sets forth that the assessment was settled and paid, wherefore defendant's liability on the bond had terminated, but it nevertheless refused to return plaintiff's collateral. The claim is for $2,-912.50, the value of the deposited securities on the date of the alleged conversion.

To this the defendant filed an affidavit of defense on December 29, 1937, in which it averred inter alia that the value of the securities on the date of the alleged conversion was $2,925. Plaintiff moved for judgment for want of a sufficient affidavit of defense, but this rule was abandoned. Plaintiff's rule for leave to file an amended statement was made absolute on January 24, 1938, and the following day the amended statement was filed. On February 7, 1938, defendant presented this petition to remove the cause to the United States district court.

We are not unmindful of the fact that we have no jurisdiction to inquire into the truth or falsity of the averment of a jurisdictional amount in a petition to remove, but it is nowhere averred in this petition that the amount in controversy is $3,000. There is merely an averment that the liability of petitioner on its bond to the collector of internal revenue is $3,000. Not only is this not a suit to enforce this liability, but petitioner has already averred under oath in its affidavit of defense filed herein that the amount in controversy is no more than $2,925.

It therefore clearly appears upon the face of the record that the sum involved is less than the jurisdictional pre-

requisite of $3,000, but if this were not so it is also clear that the petition to remove comes too late, for the law is that it must be filed within the time defendant is required to answer or plead in the State court: Judiciary Act of March 3, 1911, 36 Stat. at L. 1087, 28 U. S. C. §72; Martin's Admr. v. Baltimore & Ohio R. R. Co., 151 U. S. 673. That time is within 15 days of service of the original statement of claim on defendant, a period which has long since expired.

If the amended statement had set forth a new cause of action the right to remove, if it existed, might be revived, but the only difference between the original and the amendment is that the latter avers payment rather than settlement of the assessment, while the amount claimed is the same.

In averring payment, rather than settlement of the tax, plaintiff has not changed her cause of action, which is failure to return the collateral when liability on the bond had terminated.

The rule is therefore discharged.